IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| QR SPEX, INC., <br>       Plaintiff, <br> <br> v. <br> <br> MOTOROLA, INC., OAKLEY, INC., <br> OAKLEY SALES CORP., OAKLEY <br> DIRECT, INC., ZEAL OPTICS, INC.; <br> XONIX ELECTRONIC CO., LTD., and <br> KYOCERA WIRELESS, <br>       Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 5:06 CV124 (DF) <br> <br> <br> <br> <br> <br> <br> <br> JURY TRIAL DEMANDED |

**PLAINTIFF QR SPEX, INC.'S SUR-REPLY TO DEFENDANTS' OAKLEY, INC.;
OAKLEY DIRECT, INC.; OAKLEY SALES CORP.; AND MOTOROLA, INC.'S REPLY
BRIEF IN SUPPORT OF MOTIONS TO DISMISS, TRANSFER, AND/OR SEVER**

OF COUNSEL:

Phillip T. Bruns
Mark A. Giugliano
GIBBS & BRUNS, L.L.P.
1100 Louisiana, Suite 5300
Houston, Texas   77002
Telephone: (713) 650-8805
Facsimile: (713) 750-0903
mgiuliano@gibbs-bruns.com

John E. Dowdell
jed@nwcdlaw.com
William W. O'Connor
wwo@nwcdlaw.com
NORMAN WOHLGEMUTH
   CHANDLER & DOWDELL
2900 Mid-Continent Tower
401 South Boston Avenue
Tulsa, OK   74103-4023
Tel: (918)583-7571
Fax: (918)584-7846

Robert W. Schroeder
PATTON, TIDWELL & SCHROEDER, LLP
4605 Texas Blvd., P. O. Box 5398
Texarkana, Texas  75505-5398
Tel: (903) 792-7080
Fax: (903) 792-8233
tschroeder@texarkanalaw.com

ATTORNEY-IN-CHARGE FOR PLAINTIFF

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff QR Spex, Inc. files this Sur-reply and respectfully shows the Court as follows:

## I. INTRODUCTION

Putting aside the vitriolic nature of Defendants' Oakley, Inc.; Oakley Direct, Inc.; Oakley Sales Corp.; and Motorola, Inc.'s (collectively "Defendants") Reply Brief, what remains clear is that Defendants premise their Motion on two key factual assertions: (1) Oakley has no physical presence in the Eastern District of Texas; and (2) due to Oakley's post-filing efforts to defeat jurisdiction, the infringing O Rokr product has not and will not reach the Eastern District of Texas in any "commercial" manner. Although the Defendants refused to provide appropriate discovery, Plaintiff has independently obtained evidence demonstrating that both of these factual assertions are false. Indeed, contrary to Oakley's sworn statement that it has no physical presence here, Oakley in fact operates an O Store in the Eastern District. Likewise, despite Oakley's alleged efforts to divest this Court of jurisdiction by announcing that the O Rokr is no longer for sale in Texas, the evidence demonstrates that multiple infringing O Rokrs have been used in the Eastern District and sold to purchasers in the Eastern District.

These facts fatally undermine the Oakley entities' arguments that jurisdiction and venue are improper in the Eastern District with respect to themselves. Accordingly, Defendants' motions to dismiss, transfer, and/or sever should be denied in their entirety.

## II. EVIDENCE & ARGUMENT

**A.   Oakley has an O Store in the Eastern District of Texas.**

Defendants have repeatedly represented to this Court that Defendant OSC (Oakley Sales Corp.), which sells Oakley, Inc.'s products through, and provides sales staff for, seven Oakley retail stores in Texas, "<u>has absolutely no presence in the Eastern District of Texas</u>." *Id.* ¶¶ 8 (emphasis added), 21 ("[N]one [of the O Stores] are located in the Eastern District of Texas . . . ." (citing the

1

Newcomb affidavit)), 94 ("OSC has no retail locations in the Eastern District of Texas . . . and no business presence. No employees are in the Eastern District of Texas . . . OSC is not doing business in the Eastern District." (citing the Newcomb affidavit)).

In truth, Oakley has an O Store located in Frisco, Texas, which falls squarely within the Eastern District of Texas. *See* Oakley Website Page for Frisco O Store, attached as Ex. 2A. Not only does Defendant Oakley Sales do business in this forum by supplying Oakley products to the 75 retailers in the Eastern District, but it operates as one of Oakley, Inc.'s many direct distribution channels in this jurisdiction. Defendants' self-proclaimed "lack of a presence" in the Eastern District of Texas simply does not reflect reality. This evidence further supports jurisdiction and venue over the Oakley entities in this lawsuit in this forum.

Oakley admits that it sent infringing O Rokr products to each of its O Stores in Texas, which it then retrieved in June 2006 after this lawsuit was filed. *See* Plaintiff's Response at 6. Oakley sent an O Rokr to the Eastern District O Store, and as Defendants have admitted in their Reply, such samples were used by Oakley Sales employees "to see how the product performs to evaluate and to give feedback" because "their input is helpful as to whether the product will meet the demands of Oakley consumers." *Id.* ¶¶ 32, 83. This is clearly a commercial use of the product, and therefore, infringing use occurred in this jurisdiction. Consequently, this Court has specific jurisdiction over Oakley Sales, and venue is proper in this forum. *See* Plaintiff's Response at 20-23. Likewise, these facts render moot Defendants' argument that "stream-of-commerce" jurisdiction is limited solely to instances of specific jurisdiction, *i.e.*, where the infringing product itself has reached the forum. *See* Reply at 1-4.[1]

---

[1] Plaintiff discusses the actual scope of "stream-of-commerce" jurisdiction on pages 12-15 of its Response and, therefore, will not repeat them here.

**B.    Infringing O Rokrs have been sold to purchasers in the Eastern District of Texas.**

In addition to Defendants' inaccurate claim that no O Rokr has ever reached the Eastern District, Defendants also argue that they "divested" this Court of jurisdiction or venue over the Oakley entities because, after this suit was filed, Oakley allegedly excluded the infringing O Rokr products from its well-established distribution channels into the Eastern District of Texas. *See* Motion ¶¶ 8, 43, 49, 58, 62, 64, 65, 66, 67, 71, 85, 94, 95 & Ex. C ¶¶ 5, 8; Reply at 2 ("[N]o O Rokr product has been placed into the stream of commerce such that it will arrive in Texas through any Oakley authorized channel." (emphasis added)), 3, 4 ("The evidence has clearly shown that no O Rokr has reached this forum in any commercial manner." (emphasis added)), 7. *See also* Affidavit of Oakley, Inc. CEO, Scott Olivet, Motion Ex. C ¶ 8 ("The [O Rokr] products are not and will not be available to purchasers in Texas or sold in Texas in the foreseeable future through Oakley's channels of distribution.").

Oakley's factual assertions, however, are incorrect. Plaintiff is aware of at least the following instances in which Oakley and/or its authorized retailers have sold infringing O Rokrs to purchasers in the Eastern District:

1.  **HDO Sports, an authorized Oakley retailer, accepted an order and payment from a Marshall, Texas resident over the internet for an O Rokr, and then shipped it into the Eastern District.**

On August 21, 2006, Chris Jones, who resides at 915 Bergstrom Place, Marshall, Texas, 75672 visited HDO Sports's website at www.hdosport.com and ordered a pair of O Rokrs to be delivered to his home in Marshall, Texas. *See* Jones Aff. ¶ 4 & Exs. C, D, and E thereto, attached as Ex. 1. Mr. Jones placed his order on the website and paid $288.16 via credit card for the O Rokr and shipping and handling. *See* Jones Aff. ¶4 & Exs. C, D, and E thereto. Three days later, on August 24, 2006, Mr. Jones received the O Rokr via mail from HDO Sports at his home address in Marshall, Texas.

3

Importantly, HDO Sports states expressly on its website that it is an "authorized Oakley Retailer," *see* Jones Aff. ¶ 4 & Ex. A thereto, and Oakley confirms that HDO Sports is an "Exclusive Oakley Premium Dealer" on its website. *See* Oakley.com Dealer Locator Webpage, attached as Ex. 2B.

2. **The Oakley O Store in Scottsdale, Arizona accepted a telephone order for an O Rokr from Mr. Jones and, upon receipt of his payment, shipped an O Rokr to his home in Marshall, Texas.**

On August 15, 2006, Mr. Jones called the O Store in Scottsdale, Arizona and spoke with the Assistant Manager, Christen Winkler. *See* Jones Aff. ¶ 6. Mr. Jones asked if he could order an O Rokr and have it shipped to him in Marshall, Texas, and Ms. Winkler responded in the affirmative, but explained to Mr. Jones that he must first submit a payment via check or money order made payable to Oakley before the product would be shipped to him. *Id.*

On August 21, 2006, Mr. Jones mailed a money order to Ms. Winkler at the Scottsdale O Store, made payable to Oakley in the amount of $305.00. *Id.* ¶ 7 & Exs. I, J thereto. The payment covered the O Rokr, an icombi Bluetooth adapter for ipod, and shipping and handling. *Id.* ¶ 7. One week later, Ms. Winkler telephoned Mr. Jones in Marshall, Texas to confirm that she had received his money order and to inquire as to the shipping address. *Id.* ¶ 8. At first Mr. Jones provided his P.O. Box address in Marshall, Texas, and when Ms. Winkler informed him that Oakley could not ship to a P.O. Box, he provided her with his home address in Marshall, Texas. *Id.*

Mr. Jones received his O Rokr and Bluetooth adapter on September 1, 2006 via mail at his home in Marshall, Texas. *Id.* ¶ 9. It had been shipped from the O Store in Scottsdale, Arizona and included a note from Ms. Winkler directing Mr. Jones to call Oakley's Electronic Customer Service line at 1-800-969-2895 if he had any technical questions. *Id.* ¶10.

This evidence leaves no doubt that, contrary to Oakley's representations, the infringing O Rokr has reached the Eastern District of Texas through one or more of Oakley's authorized third-

4

party channels and through Oakley's own retail stores. In sum, the evidence presented herein: (1) renders moot Defendants' argument that stream-of-commerce jurisdiction cannot apply to Oakley, Inc. and Oakley Direct, as the infringing product has reached the forum through commercial channels; (2) dispatches with Defendants' arguments that no specific jurisdiction exists because no infringing use or sale has occurred here; and (3) conclusively demonstrates that venue is proper here as to Oakley Sales, as it has an O Store in the Eastern District.

### III. CONCLUSION

For the foregoing reasons, and in light of the additional evidence presented by Plaintiff herein, Plaintiff asks this Court to deny in its entirety Defendants' Joint Motion to Dismiss, Sever, and/or Transfer. Plaintiff also respectfully requests any such other relief to which it is justly entitled.

Respectfully submitted,

_/S/  Mark A. Giugliano_
Phillip T. Bruns
T.B.A. No. 03258500
pbruns@gibbs-bruns.com
Mark A. Giugliano
T.B.A. No. 24012702
mgiugliano@gibbs-bruns.com
GIBBS & BRUNS, L.L.P.
1100 Louisiana, Suite 5300
Houston, Texas 77002
Telephone:   (713) 650-8805
Facsimile:    (713) 750-0903

OF COUNSEL:

Robert W. Schroeder III
T.B.A. No. 24029190
PATTON, TIDWELL & SCHROEDER, L.L.P.
4605 Texas Boulevard
Post Office Box 5398
Texarkana, Texas 75505-5398
Telephone:    (903) 792-7080
Facsimile:    (903) 792-8233
tschroeder@texarkanalaw.com

John E. Dowdell
jed@nwcdlaw.com
William W. O'Connor
wwo@nwcdlaw.com
NORMAN WOHLGEMUTH CHANDLER
   & DOWDELL
2900 Mid-Continent Tower
401 South Boston Avenue
Tulsa, OK 74 103-4023
Tel:   (918)583-7571
Fax:   (918)584-7846

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this pleading was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to FED. R. CIV. P. 5(d) and Local Rules CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by regular mail on this the 18th day of September 2006.

/S/   Mark A. Giugliano